Our next case is Higgins v. Richards 5080605 Mr. Perica for the appellant and Ms. Kendall for the appellee Mr. Perica, it's your pleasure May it please the court, Ms. Kendall Your honor, I'm here regarding a jury verdict that was entered in January of 08 This stemmed from a motor vehicle accident that happened in September of 98 A summary judgment was entered on the issue of liability It was a salesman that took a guy for a test drive and said let me show you what this car will do He went about 90 miles an hour, slammed on the brakes and jerked the wheel and rolled the car into a bank So that was not an issue in the trial The only issue at trial was what were the damages And I submit to you, your honor, that from 1998 when the accident occurred all the way through after 2005 Mr. Higgins had a progression of doctors that he saw treating doctors, no paid experts He started out at the hospital that day and complained of it in an area of the lumbar part of the back That he said that he hurt in that accident about an hour or two after the appearance When he went to his family doctor, Dr. Sidwell, one of the major complaints was the lumbar area of the back So much so that Dr. Sidwell sent him for an MRI of the lumbar part of the back shortly after that accident Dr. Sidwell directed him to physical therapy in which the areas of complaint were the lumbar area of the back Amongst other complaints After he went to therapy and went back to Dr. Sidwell still complaining of that area So Dr. Sidwell sent him to another physical therapy place in St. Louis with a doctor, Janet Tanula Who's like an expert on these back type injuries She couldn't help him out, but the complaints there were the back, lumbar part of the back She sends him back to Dr. Sidwell who then sends him to a pain management He goes to Dr. Dorino who's like a pain management expert Who tried to do various things, injections and other things And at about the same time he was also seeing a Dr. Heidi Prather Who was a board certified orthopedic surgeon at Barnes That finally, with the basis of discography, found what she thought was an angular tear at L5-S1 In the same area where he was complaining  Every doctor that he saw as a treating doctor, one of his complaints, it was the lumbar area of the back And that's the one that persisted Well then in 2002, Dr. Garnett thought he had two alternatives He could have surgery in that area with a fusion Or he goes, if I were you, you're a young man with a young wife I'd hold off as long as you can because one of the problems is you could possibly have an impotency problem I'd just hold off as long as you can, maybe do this IEDT procedure Which is what Dr. Dorino was recommending Where they heat the area of the disc His insurance company would not pay for that It was like $7500, it was considered experimental It was like a 50-50 shot at maybe helping So what he did is he held off for almost two years And ultimately had the surgery in 2005 With Dr. Matthew Garnett who's a board certified orthopedic surgeon Trained at Johns Hopkins who does a number of these Again, it was the lumbar area of the back I would like to point out, we took Dr. Garnett's deposition And I'll get to the procedural problems later on But we took his deposition before the trial that was scheduled in St. Louis County Before he had the surgery And Dr. Garnett did a discography at that time And diagnosed the annular tear in the same area that he did When he came back two years later he re-did the tests And said that the tear was in the exact same place it was two years earlier And everything was the same And they all, every one of the doctors attributed the motor vehicle accident To the problems in the lumbar spine Let me interrupt you, I think you mentioned procedure I'm interested in jurisdiction I don't know how we have jurisdiction What happened in jurisdiction, your honor The original defendant who was the owner of the dealership Filed the appropriate motions and got the case dismissed in Madison County The co-defendant, wasn't it? The co-defendant, well it was the employer And Mr. Richard was the agent Anyway, they got the case dismissed in Madison County By appropriately filing the motion Pursuant to 2-301-19.1 Nobody came in for Richards The case is going to go to trial in St. Louis County We couldn't find Richards So I defaulted Richards in Madison County With hopes he would pop up, which he did But what happened was the defense counsel Filed documents that are off record in Madison County That waived jurisdiction Who is Dale Hill? Dale Hill Or who was Dale Hill? He was a special process server With all those policemen that routinely Well I don't care what his second occupation was But he was a  Is there an order in the record that shows the court appointed him? I believe so, your honor Because there was some suggestion that maybe He wasn't properly appointed Well I think also if you're a police officer They had some special exception back then I can't remember Was there something in the record that says he was a police officer? Well the counsel objected to that point In her brief stating it was not off record I don't know if it is, your honor Unless it's in that motion He was served Richards was served over in Missouri Right, at the dealership Okay, and the appropriate affidavit of out-of-state service Is also in the record too You might understand that Well, he was What happened, Judge? Really none of this There's two issues There's more than two issues But there's an issue of whether or not he was properly served And then we've got a separate issue As Judge Watkins said about jurisdiction Well I'll put it this way, your honor All those issues are waived as a personal jurisdiction Because of not following the appropriate filing procedures Under 2-301 and 2-619 Because it says all issues to jurisdiction are waived If you don't file these motions appropriately Separate numbered paragraphs with separate authority It said they didn't do that Well two judges found they didn't do that The first judge, who I think was Judge Moran And then when the issue was brought up three years later In front of Judge Crowder She also found that they waived all objections to jurisdiction So I thought the basis of your jurisdiction argument Was that they had this agreement with the attorney Well, that came in What happened, your honors We were going to trial in St. Louis County I already had Dr. Garnett's deposition Ready to go to trial on Monday Defense counsel, Mr. Andrew Kennedy Calls me on the phone and says Hey, brief, I've got a problem And this is all on record I've got a problem here I don't have an IME I'm going to lose this client Which I get a lot of business from Will you agree or continue? So at the time when he called me I was over at the library in St. Louis County Working on my instructions for that Monday trial I said, well let me go down and ask the judge If you're going to lose a client Now, I ought to tell you this too I didn't have any problem with the delay I thought my client might have had that surgery Sometime from talking to him So it was beneficial to me too I went down to Judge Siegel I said, Judge Siegel, this is all on record I've got an attorney who has problems with his IME I'm ready to go, but I don't have any objections If you continue the case He was pretty I don't care what you think, counsel You tell the guy to be here on Monday If you don't mind my courtroom, I do That was the tenor of it So I went back and called Mr. Andrew Kennedy He kind of reported that He goes, Perica, if you voluntarily dismiss the case In St. Louis County You already got me in Madison County I'll agree to do it in Madison County And that's what we did Was he representing the Richards at that time? Yes He'd entered his appearance? He'd already Correct He'd already filed that And that motion was heard on whether he'd waived I think that motion was already heard On the waiver of jurisdiction They vacated the default judgment against him And granted him Or granted that relief But didn't grant the relief As far as the 619.1 This attorney was the one that got the West County BMW Transferred over to St. Louis No, no Those attorneys were from Springfield I can't tell you who they are But it's up record They were separate counts One for the agent And one for the dealership He was asked Was there an agreement that he would waive jurisdiction? And his answer was There was never an agreement to that extent I thought his response was I don't recall any agreement, Your Honor But let me just say this, Your Honor If you look at the dates that I put in my brief On what was done by agreement I even went over on that same day or the next day In Madison County And argued his motion to continue for him So that he could take his IME doctor Hornstein's deposition I did that And he even prepared Which he testified to He even admitted to preparing the joint motion To voluntarily dismiss the case in St. Louis County And faxed it to me So I could present it over there by agreement So I don't know why he chose I have never had a problem With the individual attorney I don't know why he got terminated After we did all this And took Dr. Hornstein's discovery deposition It was shortly after that that he was terminated And I don't know what happened there I know Howell Royster came in at that time Initially there were two separate attorneys One representing West County BMW And the other representing the salesman there Not at the same time, Your Honor Well, when the first motion to dismiss And transfer it over to St. Louis I don't remember It was way over his head That was filed only on behalf of West County? Correct That was a Springfield, Illinois firm And they did not represent the salesman in count one? Nobody came in for mentions at all Until I saw the motion to default Like almost two years later When we were going to go to trial in St. Louis County And he was initially sued as the agent? Or was he sued individually, I guess? Yeah, sued individually And as a matter of fact, Your Honor The only question In trial, the only live testimony The doctor's depositions were all red Two by Garnett, one by Greeno And one by Dr. Hornstein The only live testimony was my client and his wife And then Mr. Richards and I asked him Oh, and it's on the record You were represented by Mr. Andrew Koenig And he was doing things for your benefit What was Richards first pleading in this case? That conglomeration of motions that submitted to jurisdiction There was like several things all wound together that are of record Where he contested proper service and where he He never ever contested proper service But he said one of them was They filed a motion to vacate the default judgment And then they And it's all part of one You know, like several paragraphs that are not They're just all conglomerated together But one of the things was jurisdiction as well But my whole The only thing I want to point out before it is Every treating doctor in this case Found that there was back problems Dr. Hornstein doesn't see the guy until August of 2004 After all this treatment for his IME Hornstein says that in part of his exam He reviewed all of the records, Your Honor Which every doctor in there found back and causally related Dr. Gornet said he even needed to So all that's a record that he read On page 77 of his default He said there's no connection with his back pain and the accident After a review of all the records and defaults I mean, it's preposterous He also said when you look at medical records Most doctors rely on records And they are very dependent on them So you have to ask me how He doesn't treat anybody He's 83 years old at the time He's a professional testifier I've seen him for over 20 years But there's no basis Even the jury, Your Honor The juries didn't even buy what he said Because they gave my client his medical bills Up through, and it's on exhibit 9 I have a list Up through number 31 on this Which was 10-9-02 They gave him that That included epidurals for the back and everything else My whole argument to the court is If they did not buy what Hornstein said Which he said none of the back was related They wouldn't have given him any of these Any of this medical for the back up through there My whole point is If every treating doctor says the back's related How can they cut, you know, the medical off October of 02 And not pay all the way through the surgery in 05 That Dr. Garnett did There's no basis in the evidence They didn't hear anything If they had cut me off like Dr. Hornstein said He has no problem with the back And they cut it way back I would say I'd have a much tougher time in front of this court But they didn't even buy what he said I mean, he'd never done a surgery in 60 years He dissected a cat, I think, or something He said earlier on He didn't treat anybody Did the cat survive? Anyway, and I don't want to be beating on the guy too much He was just a professional testifier But even the jury didn't buy what he said And every other treating doctor says that's related And I'm just saying they have to get him All of his medical records They gave him $5,000 for pain and suffering And $5,000 for loss of enjoyment of life And gave him $18,000 of the $100,000 plus For the treatment, which all related to the lumbar Was there any set off with the other case? Against the West Ham? No, that was the deal I didn't go I just pursued Richards individually And I let the corporate name not be in it You know, that was kind of a The blade kind of had two edges for me on that We've got to come back to the jurisdiction Without the agreement of the attorney How do we have jurisdiction? Because Howard clearly says We only exercise general jurisdiction This defendant was not doing business in Illinois There was no connection with Illinois So how do you distinguish Howard? Assuming that there is no agreement with the attorney Well, Your Honor, even without the agreement I don't even think you have to get to the agreement Because they waived all objections to jurisdiction By the pleadings they filed It says it in A5 In A5 of the three So you think they can waive jurisdiction Under our decision in Howard? Well, I'm going by the statute here It says if objecting party files Responsive pleading or motion Other than for an extension of time Prior to filing a motion in compliance with Section 8 That party waives all objections to the court's jurisdiction Over the party's person So I think it's waived Even before you get to that agreement Now, I've cited some cases, Your Honor And I tried to cite cases that also supported That had both views in there If there's evidence in the record That supports what the jury did Then I've got a pretty tough battle But I think if you look at what they did Going all the way through 202 They disregarded everything Dr. Hornstein said Which was the only evidence they had in the record That there was not causal relationship There's seven or eight doctors All of them found causal relationship For the back and the most, I guess The most significant is Dr. Gornett himself When he went in and did the surgery The tear was in exactly the same spot Where the pain was The same that Dr. Heidi Prather thought it was Same that Dr. Garino thought it was And then he ultimately finds it in that spot And did the fusion and the disc replacement Counsel, if I understand you correct The past medical the jury awarded Was $18,784 Correct And you're saying that you can actually Add up a certain amount of bills To come up with that exact amount On a specified date Is that right? Your honor, it's like It might be I think it's almost identical It's numbers 1 through 31 Okay On exhibit 9 And they actually just cut it off October 9th of 02 And when you add that up It's right about $18,784 I don't know if the change was exactly right But that's If your honors have any further questions I didn't plan, I was going to address that Jurisdiction there at the end So I'll You can, you don't have rebuttal Thank you Ms. Kendall Thank you your honor If this court please And counsel My name is Karen Kendall I represent the defendant David Richards In this matter Respectfully your honors This case is not about damages It's about due process My client didn't get due process In this matter The motion to dismiss Based upon lack of in personam jurisdiction Should have been granted At the time we moved to Wash, moved to vacate And moved to dismiss For lack of jurisdiction Before this court And consistently in the trial Court, the plaintiff has Never contended That there is any basis Whatsoever under the long arm Statute to exercise jurisdiction Over defendant Richards The plaintiff has relied Solely on two Alternative grounds One is the fact that this motion Was not labeled in separate Parts pursuant to the requirements Of 2-619.1 As discussed in Section 2-301 The other ground was a reported Agreement The stanchion 2-301 Does not say What the plaintiff claims it says It does not even say That if you don't comply with 2-619.1 You've waived There's another section That addresses waiver And what that says is if you file Any pleading prior to Raising your jurisdictional Objection Accept the motion For extension of time That amounts to waiver So plaintiff's entire claim Rests on A misstatement Of the language Of the statute Plaintiff Could never have been confused About the release clause This defendant Never did anything To submit to the jurisdiction Of the Illinois court He's a Missouri citizen and resident This accident occurred In Missouri His employer was located in Missouri This case had no connection to Illinois At all And defendant filed Or the plaintiff filed this action Shortly before the expiration Of statute of limitations In Illinois No court in Illinois Has said That it is fatal To your argument if you don't Strictly comply with 2-619.1 No court has said that This court has said well It sets a standard that we'd like Litigants to adhere to But it's not fatal to an argument Prior to the trial court's decision In this case No court had decided Something that's not even In 2-301 That this would amount to waiver The only other thing The plaintiff contends Is something to be honest with you That sounds like it's out of Alice in Wonderland The court did take evidentiary Testimony on this point Was there an agreement Even the judge Did not find there to have been An agreement At the very best The plaintiff had a unilateral Subjective belief That there was some kind of an agreement This case Was Already Well at the time the plaintiff contends This agreement was made This case was in Illinois set for trial Against defendant Richards He'd already lost Incorrectly Lost the jurisdictional argument How Anyone could make an agreement Under those facts To Voluntarily dismiss a Missouri case That had never been filed Or never been served Against this defendant Makes no sense whatsoever Let me get this Fact straight here At the time Mr. Perica walks up to the Missouri trial judge On behalf of His fellow attorney Who says I need a continuance And the judge says I don't care if you need a continuance You're going to trial And they agree to voluntarily dismiss What jurisdiction Did Illinois have Over Mr. Richards At that time Absent an agreement To waive jurisdiction The Motion to dismiss That you had filed That 2619 was filed In Illinois at that time The motion to dismiss For lack of in personam jurisdiction Had been denied And the case had been set for trial In Illinois At that time yes It's absolutely clear in the record Moreover Your honor The St. Louis court So that happened before The Missouri judge Voluntarily dismissed Let's go back And look at 2004 It was at the beginning of January In 2004 And this case had been filed Originally in 2000 At the beginning Of that year mysteriously An order Is entered granting According to granting the default judgment There's no motion Two days later Or one day later An attorney on behalf Of defendant Richards Files a motion To vacate the default To Quash service of process And to dismiss The case for lack of In personam jurisdiction Similar to the motions that were filed Previously on behalf of West County being dead Well West County was not in a position Of having a default taken No I mean other than the vacating The default it was the same thing It was raising the lack of In personam jurisdiction your honor And yes That motion Was denied As to in personam Jurisdiction And as to quashing Reported service of process But was granted In terms of vacating the default And subsequent to that Is when the Missouri court got involved No the Missouri court Was involved Many years before Because after West County BMW was dismissed out of the case In Illinois Shortly after it Had been filed in 2000 After it was dismissed The plaintiff went over to Missouri And refiled the case In St. Louis County When was the continuance denied? On the Missouri trial? And then a subsequent Voluntary dismissal The voluntary dismissal was I believe Sometime in July Of what year? 2004 And that would have been After The default was vacated in Illinois Oh yes But the motion to dismiss For lack of in personam Jurisdiction was denied And then the proceedings Right The case against Richard was going to trial In Illinois At the time This purported agreement was made To Voluntarily dismiss The St. Louis case There is Not any Bonafide reason To rule That there is In personam jurisdiction Over defendant Richard Not Not under 301, not under 2619.1 Not under any purported agreement He was Never served The default was Taken There is No Order Appointing A special process Server And there was Appropriate affidavits That are in the record I know He said that I heard him say it And you're saying The record does not Have a special process server No motion for special process server No evidence that Dale Hill Was anything Nothing Moreover, what is in the record Is defendant Richard's Affidavit That he was never served Either in Illinois Or in Missouri That affidavit Is uncontradicted Before this court As is his Affidavit Is there an affidavit of out of state service or anything I shouldn't have knocked one of those either It's completely There is nothing To contradict Either his sworn statement That he was never served Or his sworn statement That he has had Nothing to do with Illinois That would be a basis To exercise long arm Jurisdiction over him The Howard versus Missouri Bone and Joint Center case To my mind Is nearly identical With two exceptions One at the conclusion Of the trial in Howard The trial court Recognized that there was no basis For subtle jurisdiction And so Ruled that there was no jurisdiction Vacating the judgment The other thing That's different about that case Is that there was at least An arguable basis That there could have been some Exercise of long arm jurisdiction Because if I recall correctly That case involved Internet solicitation Of business and so that's a legal Issue where we decide Is that sufficient minimum context There isn't any Legal issue like that In this case There isn't any colorable Argument That Mr. Richards did anything That would cause This court to take Subtle jurisdiction over him Fundamentally We are here To ask this court To rule that the judgment Entered was void For lack of impersonal Jurisdiction And I would stand On all the details that I Can't sum completely But we have a very complete brief In this case setting forth The requirements for service of process The fact that the defendant Is not amenable to service of process The fact that even if he were He knows requirements Were complied with here But I would like to spend A few minutes also I guess in a felt and suspended Approach because really I believe that the lack of personal Jurisdiction is the basis That the court should rule on On the lack of appellate Jurisdiction as well The plaintiff requested An extension of time to file a Post-trial motion Received it Allowed that extension to pass Without filing anything further That should have been The end of the story There were numerous Motions after that But I think the case law Is very clear That there is no Jurisdiction under those Circumstances Mitchell v. Fiat Alice Sears v. Sears Keener v. City of Heron All say that a court No matter how well Attention cannot Disregard statutory Requirements and cannot Disregard requirements of the Supreme Court rules in order to Find jurisdiction where there Is none Finally Just briefly On the damages The plaintiff's opening Brief Ignored one of the major Pieces of testimony Which the jury heard Each of the doctors Whose evidence deposition Was presented to the jury Said the same thing There's no Physical evidence on Examination The MRI is clean The tests are clean Finally You know if you try long enough There was a discogram That was the basis For apparently doing Surgery in 2005 Five years after the accident But the medical evidence Said that that wasn't related To the automobile accident We ask this court To find it Thank you Ms. Kendall Ms. Parikh in rebuttal Your honor Addressing the extension of time For the post trial motion I know that the Council didn't read what The extension said It said 45 day extension of time From the court's order They took that as meaning 45 days from the From the day the Verdict was entered And not the additional 45 days which they Which extension of time Applies to there's 30 days An extension of time would Extend it to 75 days Their argument is no 45 days Extended from the very day The verdict was entered So you only have an additional 15 days That's not what was prayed for And the whole That's even clarified When they came in in March Like early March, March 6th They filed a motion To withdraw their post trial motion Which was said To be heard on like March 14th On March 14th I appeared in court This is all a record And allowed them to withdraw They didn't appear on that date Allowed them to Withdraw their post trial motion And in the order's wording Planned is to file his Post trial motion on or before A date certain as previously ordered After that was entered When they weren't there A whole myriad Of motions was heard on Whether what that 45 day extension Meant I filed for the extension I think the logical Understanding is It's 45 days after your 30 That's the way I would interpret I wrote it by, you know That's one of the arguments in the case Back on this On this doctor When we have all These agreements And if your honors look of record They're all done within a couple of days Of each other The motion to vacate The order was granted The trial was agreed to continue There was an agreement to take Dr. Hornstein's deposition There was an agreement to voluntarily Dismiss the St. Louis case I mean how many defense counsel Do you know That do motions for the plaintiff I mean that just Speaks of an agreement Because there was an agreement That's why it's Even in Dr. Hornstein's deposition When we took the discovery deposition After all these agreements There's no mention whatsoever Of any objection to jurisdiction At that proceeding when we went along With Dr. Hornstein's deposition And took it pursuant to LMR rules Would you agree counsel that if the record Does not reflect that there's been an order Appointing Dale Hill As a special process server As a company affidavit That the motion to quash service Should have been granted And you don't have any jurisdiction over him Would you agree with that Judge That argument came up years later When if you look at The original Motion Followed by Mr. Andrew Canty That waived all these arguments To personal jurisdiction He's not saying that What motion was that Well that joint motion that violated 2-301 and 619.1 When he came in Wanted to vacate to default Right When he came in there's no mention That he wasn't served there And there's a return of service in the file That nobody even From Dale Hill That was in there for years They come in Six years later I guess And say my guy says he never got served He never got served in the St. Louis case Because we couldn't find him I'll agree to that But his lawyer came in And I had the court Send in the lawyers The order of default Why wouldn't there be an order Appointing a special process Service Judge I think We routinely file a motion To appoint a process I suspect I haven't looked at that record Unless it was because he had some policemen Where they could go do it without that motion That would be the only reason it wouldn't be in there But even aside of all that Your honor he waived all that When he came in and filed his pleadings You know he's not prejudiced I've been over backwards As the record will reflect Trying to just get everything done right Even the argument here And this 45 day extension argument To me I've never seen that before I mean extension of time means exactly what it says And counsel brought up There was no cases That ever Interpret this 301 argument That I made The reason there's no cases on it It's so crystal clear What the language says And even in the case that she cited In her brief The Supreme Court case of Illinois Graphics Company Versus Nickham says In construing the statute It's never proper for the court to depart From plain language in the reading That's why there weren't any cases Because it's clear what it says there File papers You're submitting yourself Thank you We've given Ms. Kendall five minutes For rebuttal on the cross Is that right? The default Judgment was entered In this case against David Richards on January 13 2004 He ordered Denying the motion To dismiss for lack of jurisdiction And denying the motion To quash service of summons Was entered on May 19 2004 On July 12 2004 An order was entered Granting some rejection On liability against Richard in setting the case For trial All in Illinois On July 22 2004 I submit That that sequence Of events Shows clearly and cleanly There have never been Any agreements With respect to Jurisdiction Could you speak up a little please? I apologize I apologize Not only Could there never have been Any agreement To submit to the jurisdiction Of the Illinois court In return for a voluntary Dismissal of a case Which was only proceeding Against West County BMW In St. Louis But only By distorting The language Of 2-301 Can plaintiff even attempt To make the argument That was made here That a combined motion Waives all Jurisdictional Claims It doesn't There's no case that says that There's not even a case In the context of 2-615 2-619 and motions for Summary judgment that says That the failure to label And distinguish between them Is fatal to that motion All this court says is While that's not a pleading practice To be encouraged We're not going to rule that that's a problem So that we don't consider the argument On its merits There probably Isn't anything more serious Than the issue of Impersonal jurisdiction And due process To think That this case has gone on For as long as it has Against a defendant Who did nothing To submit to the jurisdiction Of this court And who was never Properly served With service I thought you said never served Let's say proper improper That's what you said He never was served at all Exactly So he never ever saw that Right I'm confused there You said properly served or served So he'll never serve is that correct He'll never serve Is that correct Even if he's not a proper servant That's right But there's a document in the record That purports to be Return of summons So he'll have perjured himself Is that what you're arguing No Because there were certain Statutory requirements I understand that but are you saying That he'll perjure himself That would be the The implication Is that that's not What he filed is not correct So he didn't serve him And he lied about it We don't have anything from Hill That says I properly served No I served him I thought there was something in the record On a return of service That's all it says is Dale Hill But it doesn't say he was served You saw it I didn't see it It's It's actually in the appendix to our brief It's what It's in the appendix to our brief I understand that I'm just trying to figure out what you're saying What we're saying Is twofold David Richard was not Medical to service the process He filed the method That said he was never Served in Missouri So either Hill perjured himself Or the client perjured himself Right So then I have a perjury case here It doesn't even matter He, well first of all If you want to If you want to not Deal with that particular I mean I have no reason Nor has anyone doubted The affidavit of Dave Richard Plaintiff didn't ever file any Counter affidavit Nothing has ever been filed by the plaintiff In fact the plaintiff Really hasn't ever contended Anything except Well gee you filed a jumbled motion That had three requests For relief in it You violated 2-16.1 Therefore anything you've done After that is submitting To the jurisdiction of the court Because you made a jurisdiction That's what the plaintiff said Alright thank you counsel The court will take the matter under advisement And this decision We will stand in short recess